IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02276-BNB

ARTHUR WOODS,

    Applicant,

v.

T. K. COZZA-RHODES,

    Respondent.

ORDER OF DISMISSAL

Applicant, Arthur Woods, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Woods, acting *pro se*, initiated this action by filing a pleading requesting relief pursuant either to 28 U.S.C. § 2255 or to 28 U.S.C. § 2241. The pleading was deficient because Mr. Woods failed to file his claims on a proper Court-approved form used in filing § 2241 actions. On September 6, 2013, Mr. Woods filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. In the petition, Mr. Woods requests that he be resentenced under the Fair Sentencing Act and consistent with his indictment. Although Mr. Woods did not submit his claims on a proper Court-approved form, as directed, the form is a federal agency approved form, and includes the necessary information. Therefore, on September 18, 2013, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Woods to respond and show cause why the Application should not be denied because Mr. Woods has an adequate and effective remedy in the sentencing court in the United States District Court for the

Southern District of Alabama (Southern District of Alabama).  Mr Woods filed a Response on September 27, 2013.

The Court must construe the Application and Response liberally because Mr. Woods is not represented b an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. Woods was convicted on December 17, 1998, of one count of conspiracy to possess with intent to distribute crack cocaine and one count of possession with intent to distribute crack cocaine.  *United States of America v. Woods*, No. 98-cr-00061-CB-C-1, ECF No. 12 (S.D. Ala. Dec. 17, 1998).  He was sentenced to 330 months on each count to run concurrently and to five years of supervised release.  *Id.* at ECF No. 103.  The conviction and sentence was affirmed by the Eleventh Circuit on January 18, 2000.  *See* No. 99-6029 (11th Cir. Jan. 18, 2000).  Mr. Woods filed a 28 U.S.C. § 2255 motion on December 11, 2000.  *Woods*, No. 98-cr-00061 at ECF No. 116.  The Southern District of Alabama denied the § 2255 motion on May 10, 2001.  *Id.* at ECF No. 128.  Mr. Woods appealed that denial and the Eleventh Circuit denied the appeal on November 14, 2001.  *Id.* at ECF Nos. 131 and 134.  Mr. Woods then filed a motion pursuant to 18 U.S.C. § 3582 on June 20, 2008, which was granted, and his sentence was reduced to 264 months over objections by Mr. Woods that the reduction was inadequate.  *Id.* at ECF Nos. 136, 144-49, and 151.  Mr. Woods appealed and the Eleventh Circuit affirmed the reduction.  *Id.* at ECF Nos. 150 and 157.  Mr. Woods then filed a second § 3582 motion on January 20, 2012, that was denied on July 16, 2012.

*Id.* at 158 and 165.

Mr. Woods raises three claims in this Application, including: (1) failure by the trial court to submit to the jury an element that increased the mandatory minimum sentence; (2) a sentence that includes an offense that was not included in the indictment; and (3) actual innocence.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Mr. Woods does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94.

Finally, Mr. Woods bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. The sentencing court's denial of Mr. Woods' § 2255 motion on the merits does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting

4

*Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Also, in his Reply, Mr. Woods asserts that § 2255 is inadequate and ineffective because subsequent to his conviction, direct appeal, and § 2255 motion, the substantive law changed based on the United States Supreme Court decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). Mr. Woods may not rely on *Alleyne* for relief in this action. The Tenth Circuit Court of Appeals has held that *Alleyne* was decided on direct review, is an extension of *Apprendi*, and other rules based on *Apprendi* do not apply retroactively on collateral review. *See In re: James Edward Payne*, No. 13-5103, 2013 WL 5200425, at *2 (10th Cir. Sept. 17, 2013).

Because Mr. Woods fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Woods files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Woods fails to assert that his remedy in the United States District Court for the Southern District of Alabama is ineffective and inadequate. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   3rd   day of      October      , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court